UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | MEMORANDUM |
| | AND |
| Plaintiff, | ORDER |
| - against - | 03-CR-186 (TCP) |
| HASSAN RASHEEM, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLATT, District Judge.

By letter dated June 10, 2005, Randi L. Chavis, Esq., Federal Defender's Service Attorney, representing the defendant, has written urging "the Court to bring Mr. Rasheem in for resentencing to a non-Guidelines sentence taking into account the factors listed under 18 U.S.C. § 3553(a) as well as the amount of time Mr. Rasheem has already served in State custody, none of which is being credited towards his federal sentence from March 2004," all pursuant to a remand of this case under *United States v. Crosby*, 397 F.3d 103 (2005) and *United States v. Booker/Fanfan*.

At the time of his sentence in this Court on March 26, 2004, the Government and the defendant had entered into a written plea agreement that the defendant's offense level should be "5" and the guideline range should be 70 to 87 months and that the defendant would not file an appeal or otherwise challenge his sentence in the event the Court imposed a term of imprisonment of 87 months or less.

During the actual sentence proceeding the Assistant United States Attorney stated that (I) "the Assistant who calculated the plea agreement estimated it as a level 5; it's a level 6," and (ii) that the actual range should have been 87 to 96 months.

Following a discussion on all of this, this Court said, "well, given his extensive record; given the fact that he had possession of the gun; given the fact that there were other offenses involving the use of a gun," his sentence should be 96 months.

Under these circumstances and the fact that the guidelines are now only advisory and no longer mandatory, the defendant is entitled to be resentenced and his request that the Court bring him in for resentencing should be granted.

Accordingly, the Court grants defendant's Motion and orders the Government to make arrangements with the Court's Deputy Courtroom Clerk for

an appropriate resentence date and arrange for the production of the defendant in this Court for that purpose.

        SO ORDERED.

                                        /s/ Thomas C. Platt
                                      District Judge, United States District Court

Dated: Central Islip, New York
       July 22, 2005